UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JAMES W. THOMAS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-CV-138 CAS |
| | ) | |
| TRAVIS YOUNG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court are plaintiff's motion for extension of the disclosure deadline and his motion for appointment of counsel and for general enlargement of time to meet "upcoming deadlines." The remaining defendant, Bradley Jones, has not responded to plaintiff's motions, and his time for doing so has passed.

Plaintiff seeks an extension of time to comply with the March 21, 2008 disclosure deadline. Plaintiff also seeks appointment of counsel and, in plaintiff's words, "should this Honorable Court grant his need for legal counsel, that he be allowed an enlargement of time to proceed in meeting upcoming deadlines. . . ." The Court, therefore, will first address plaintiff's motion for appointment of counsel.

There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2)

whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

Plaintiff alleges defendant Bradley Jones, a police officer with the Hayti Police Department, used excessive force during the course of his arrest. Although plaintiff, not unlike any incarcerated, unrepresented individual, would likely benefit from the appointment of counsel, the Court cannot say that the factual and legal issues presented by plaintiff are so complex as to warrant counsel at this time. Plaintiff also has not shown a need for outside investigation relating to his allegations. After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time. As such, the Court will deny plaintiff motion for appointment of counsel and his broad request for "an enlargement of time to proceed in meeting upcoming deadlines. . . ." For good cause shown, the Court will, however, grant plaintiff's request for an extension of the disclosure deadline.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for extension of the March 21, 2008 disclosure deadline is **GRANTED.** The parties shall have up to and including **May 15, 2008,** to comply with the disclosure deadline set forth in Section 3 of the Case Management Order. [Doc. 17]

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel and for a general enlargement of time "to proceed in meeting upcoming deadlines" is **DENIED** without prejudice. [Doc. 18]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   29th    day of April, 2008.